FILED

January 27 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0419

DA 14-0419

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 22N

IN THE MATTER OF:

J.J.L.B.,

    A Youth in Need of Care.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DN-12-052(B)
Honorable Heidi Ulbricht, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Elizabeth Thomas, Attorney at Law, Missoula, Montana

    For Appellee:

    Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

    Edward Corrigan, Flathead County Attorney, Anne Lawrence, Deputy
County Attorney, Kalispell, Montana

Submitted on Briefs: December 24, 2014
Decided: January 27, 2015

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     J.J.L.B.'s mother appeals from the District Court's order filed October 17, 2012, denying her motion to dismiss dependency and neglect proceedings. We affirm.

¶3     This case began in March 2012 when the State investigated reports of neglect and domestic violence regarding J.J.L.B.'s parents. His mother took him to California, but returned to Montana in July 2012. His mother had no stable place to live, no transportation, and only sporadic employment. J.J.L.B. was placed into protective care and the State filed a petition for protective services and for temporary legal custody. J.J.L.B.'s mother moved to dismiss the petition on the ground that the Montana court lacked jurisdiction because she was a resident of California. The District Court denied the motion and the matter proceeded. On June 6, 2014, the District Court entered an order terminating the parental rights of both parents.

¶4     The mother argues on appeal that pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, as codified in § 40-7-101, et seq, MCA, California was

the more appropriate forum to make the custody and disposition determinations for J.J.L.B.

¶5 It is clear that Montana courts had jurisdiction over this case. Section 41-3-103, MCA, provides that a district court has jurisdiction in abuse and neglect proceedings over "a youth who is within the state of Montana for any purpose" and over "a person who is alleged to have abused or neglected a youth who is in the state of Montana for any purpose." This clearly covers both J.J.L.B. and his parents.

¶6 While the mother contends that the District Court should have deferred jurisdiction to the state of California, there were no proceedings in place in California to provide the protection that J.J.L.B. clearly needed. Therefore, even if the Uniform Child Custody Jurisdiction and Enforcement Act applied, Montana "is not obligated to seek out a sister state's court" to initiate a proceeding in that state. *Matter of A.R.B.*, 2013 MT 310, ¶ 19, 372 Mont. 274, 312 P.3d 425. The record demonstrates that J.J.L.B. was in a perilous situation and that his mother was unable to care for his needs and his safety. The District Court acted properly and fully within its jurisdiction.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law which the District Court properly applied.

¶8 Affirmed.

/S/ MIKE McGRATH

3

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE